# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DENNIS E. JEMISON,**

  **Plaintiff,**

 v.

**RODNEY MCMULLEN, et al.,**

  **Defendants.**

**Case No. 1:23-cv-193**
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

Plaintiff Dennis Jemison is suing the Kroger Company, Rodney McMullen (its CEO), and Clay Richards (a store manager) based on allegations that Jemison was denied service at a Kroger store on racially discriminatory grounds. (Compl., Doc. 4). The Magistrate Judge granted (Doc. 3) Jemison's Motion to Proceed In Forma Pauperis (Doc. 1). But after screening the Complaint, she recommended dismissing it for failure to state a claim. (R&R, Doc. 5). Jemison objected. (Doc. 6). The matter is now before the Court on the R&R and Jemison's Objections. For the reasons discussed below, the Court **ADOPTS** (with one slight modification) the R&R (Doc. 5), **OVERRULES** Jemison's Objections (Doc. 6), and **DISMISSES** this action but **WITHOUT PREJUDICE** (that is the modification).

Jemison, who is Black, alleges that employees at a Kroger store in Virginia twice refused to serve him because of his race. (Doc. 4, #18; Doc. 6, #25). On the first occasion, he says a woman behind the customer service desk refused to cash his Western Union money order because she "didn't fill [sic] safe serving [him] as a customer." (*Id.*). On the second occasion, he says that "the white lady [behind the

customer service desk] never looked at [his] check" before saying she could not cash it for him. (*Id.*). She then "pretended to process [the check] but it kept getting declined." (*Id.*). Jemison further contends that both incidents were captured on video, but that the Kroger store manager refused to give him the employees' names or the videos. (*Id.*). Based on these allegations, he seeks three million dollars in damages and a written apology. (*Id.* at #19).

Proceeding pro se, Jemison filed his Complaint against the three defendants and sought in forma pauperis (IFP) status. (Doc. 1). Because he is proceeding pro se, the Court referred the matter to a Magistrate Judge under this Court's General Order Cin 22-02. She granted Jemison's request to proceed IFP. (Doc. 3). That same day, invoking the Court's screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued an R&R recommending that the Court dismiss Jemison's Complaint because it failed to state a claim on which relief may be granted. (Doc. 5, #22). *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee … the court shall dismiss the case at any time if the court determines that … the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to state a claim on which relief may be granted, and thus avoid dismissal, a plaintiff must allege "sufficient factual matter … to state a claim to relief that is plausible on its face" (cleaned up)); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Rule 12(b)(6) standards to review dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii)). She determined that Jemison's factual allegations "are illogical and incomprehensible" and contain only "a vague

2

reference to discrimination but do[] not state any underlying facts to support" such a claim. (Doc. 5, #22). Accordingly, she found the Complaint wanting because it "provide[d] no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights." (*Id.*). Based on that, she recommends dismissing the Complaint with prejudice. (*Id.*).

Jemison objected. (Doc. 6). First, he puts forth new variations on the factual allegations in his Complaint. For example, he claims the Kroger employee in the second incident "told [him] she was not going to provide service to [him] because [of] what [he] look[s] like and [because] she felt uncomfortable serving [him]." (*Id.* at #25). Second, he claims Magistrate Judge Bowman "violated [his] civil rights and constitutional and due process rights" by "stat[ing] a lot of legal mumbo jumbo and not actually reviewing the facts" in his Complaint. (*Id.*).

The matter is now before the Court on the R&R and the Objections.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

3

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Jemison is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

After reviewing the R&R and Jemison's Objections, the Court agrees with the Magistrate Judge: Jemison's Complaint fails to state a claim upon which relief can

4

be granted. Although Jemison does not cite the legal basis for his claim, the Court construes his Complaint as asserting a race discrimination claim under 42 U.S.C. § 1981. Based on both common sense and precedent, successfully pleading such a claim requires alleging facts that allow the Court to plausibly infer differential treatment based on race. *See, e.g., Inner City Contracting, LLC v. Charter Twp. of Northville*, 2023 WL 8270734, at *6 (6th Cir. Nov. 30, 2023) ("In the § 1981 context, [surviving a motion to dismiss] means alleging sufficient facts to show that (1) the plaintiff belonged to a protected class; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in § 1981(a)."). Jemison has pleaded no such facts here. The store employee who allegedly said she did not feel safe serving Jemison during the first incident could have made that comment for any number of reasons other than racial animus, and Jemison offers no other factual allegations that support his claim of discrimination. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (holding that a mere allegation of parallel economic conduct was insufficient to create a reasonable inference of an unlawful agreement in violation of the antitrust laws because it was equally conceivable that the parallel conduct occurred organically in the market sans an antitrust violation). The same goes for the second incident: there are many plausible, non-race-discriminatory explanations for not processing his check. For example, although he claims that the employee was only "pretend[ing] to process" the check, he also says that "it kept getting declined." (Doc. 4, #18). That suggests a legitimate issue with the check, not racial animus. Without other

5

allegations providing additional context for these incidents, Jemison has failed to allege sufficient facts plausibly stating a claim for racial discrimination. So the Court sees no error, let alone clear error, in the R&R's conclusion that the Complaint fails to state a claim upon which relief can be granted.

Jemison's Objections do not change this conclusion. His attacks on the R&R are, at best, general objections, which have "the same effect[] as [] a failure to object." *Howard*, 932 F.2d at 509. The Magistrate Judge reviewed the (sparse) facts in the Complaint to reach her conclusion. Jemison simply did not like that conclusion. And Jemison's factual allegation in his Objections that a Kroger employee denied him service "because [of] what [he] look[s] like," (Doc. 6, #25)—a slight variation on the allegations in the Complaint—is similarly unpersuasive, even assuming the Court could consider allegations not included in the Complaint. Indeed, it is unclear from Jemison's Objections whether the new language purports to be a direct quote of something the employee said, or instead Jemison's gloss on what transpired. But even accepting as true the allegation that the employee explicitly said Jemison's appearance made her uncomfortable, a customer's appearance and demeanor can make a staff member uncomfortable for any number of race-neutral reasons. So for the same reasons as detailed above, that allegation does not plausibly allow the Court to infer race discrimination. Therefore, the Court overrules Jemison's Objections.

That said, the Court deviates from the R&R in one small regard. The R&R recommends dismissing the Complaint with prejudice. (Doc. 5, #22). But typically, when a court dismisses a complaint for the first time, the dismissal should be without

prejudice. *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) ("Generally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (cleaned up)). That is particularly true when dealing with pro se litigants, such as Jemison. *Id.* at 614–15 ("Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." (citation omitted)). After all, while the pleading falls short, the Court cannot be certain at this juncture that Jemison has pleaded all the facts at his disposal. Dismissing without prejudice leaves Jemison free to refile, if he can allege facts that give rise to a plausible inference of racial discrimination. So that is what the Court will do.

Finally, because Jemison is proceeding IFP, the Court must assess, under 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because the Complaint "provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights," (Doc. 5, #22), "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Opinion and Order would not be in good faith.

Accordingly, the Court largely **ADOPTS** the R&R (Doc. 5). Specifically, the Court **OVERRULES** Jemison's Objections (Doc. 6) and **DISMISSES** this action, but

7

does so **WITHOUT PREJUDICE** to Jemison's ability to refile if he can allege sufficient facts to set forth a plausible claim for relief.* The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Jemison leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

    **SO ORDERED.**

| | |
|---|---|
| December 14, 2023 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |

---

* The Court specifies it is dismissing the action, rather than the Complaint, because "[w]here the district court dismisses an action without prejudice, the order is final and appealable." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) (cleaned up). "A dismissal of the complaint," however, "is ordinarily a non-final, nonappealable order (since amendment would generally be available)." *Id.* (citation omitted).